**FILED**

MAR -1 2018

~~CLERK, U.S. DISTRICT COURT~~
~~EASTERN DISTRICT OF CALIFORNIA~~

BY
~~DEPUTY CLERK~~

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E.J. MCELROY,

Plaintiff,

v.

ADAM, et al.,

Defendants.

Case No. 17-cv-03348-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE; DISMISSING CERTAIN CLAIMS WITHOUT PREJUDICE TO FILING IN EASTERN DISTRICT; AND ADDRESSING PLAINTIFF'S PENDING MOTIONS**

2-18 CV 0455 EFB (PC)

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at two different institutions. His motion for leave to proceed *in forma pauperis* ("IFP") has been granted. He also filed the following motions: a request for appointment of counsel (dkt. 1 at 5); a motion for a preliminary injunction (dkt. 5); and a motion entitled, "Motion for Leave to Proceed *In Forma Pauperis* Seeking 30-day Enlargement of Time to File IFP Form; Requesting Sanctions in the Form of Constitutional Repair & Restoring & Unhanding All Legal Necessities of[] Defendants" (dkt. 11).

Specifically, Plaintiff's action involves allegations against Defendants at Pelican Bay State Prison ("PBSP") and California Health Care Facility ("CHCF"). Because the acts complained of with respect to Defendants at CHCF occurred in San Joaquin County, which lies within the venue of the Eastern District of California, *see* 28 U.S.C. § 84(b), venue properly lies in that district and not in this one. *See* 28 U.S.C. § 1391(b). Accordingly, the claims arising at CHCF are DISMISSED without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California.[1] *See In re Hall*, 939 F.2d 802, 804 (9th

---

[1] Plaintiff sues several Doe Defendants at CHCF, whose names he intends to learn through discovery. Dkt. 1 at 2-3. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Should Plaintiff learn these Doe Defendants' identities through discovery, Plaintiff should add them as named defendants when filing the Eastern District action. *See Brass v. Cnty. of L.A.*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

1    Cir. 1991) (dismissal on venue grounds without prejudice).

2        In his complaint, Plaintiff names the following Defendants who are either at PBSP or

3    employed by the California Department of Corrections and Rehabilitation ("CDCR")[2]: PBSP

4    "P.A.C. [Physician Assistant, Certified] or other R.N. [Registered Nurse] Doctor Adam"; CDCR

5    Secretary Scott Kernan; as well as several Doe Defendants, including (1) PBSP "Chief Medical

6    Officer Doe," (2) PBSP "Medical Dept. Does and Dental Dept. CDCR Agenc[ies] contracted to

7    provide individual[ized] effective health care," (3) "PBSP Doe . . . D.D.S. [Doctor of Dental

8    Surgery]," (4) PBSP "Medical Supervisor," and (5) "7-10 Does" who are PBSP "Medical Record

9    Analysts." Dkt. 1 at 2-3. Plaintiff seeks injunctive relief and monetary damages.

10   **II.    DISCUSSION**

11   **A.    Standard of Review**

12       A federal court must conduct a preliminary screening in any case in which a prisoner seeks

13   redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

14   § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

15   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

16   monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*

17   pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

18   Cir. 1988).

19       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

20   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

21   the alleged violation was committed by a person acting under the color of state law. *West v.*

22   *Atkins,* 487 U.S. 42, 48 (1988).

23   **B.    Plaintiff's Claims**

24   **1.  Injunctive Relief Claims**

25       As mentioned above, Plaintiff seeks both injunctive relief and monetary damages. The

26

27       [2] Because the claims arising at CHCF have been dismissed without prejudice from this
28   action, the Court will not include any named Defendants who are at CHCF.

2

United States District Court
Northern District of California

1    jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article

2    III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is

3    considered moot if it has lost its character as a present, live controversy, and if no effective relief

4    can be granted: "Where the question sought to be adjudicated has been mooted by developments

5    subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392

6    U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in

7    light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

8    When an inmate has been transferred to another prison and there is no reasonable

9    expectation nor demonstrated probability that he will again be subjected to the prison conditions

10   from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.

11   *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-

12   transferred to the prison where the injury occurred is too speculative to overcome mootness. *Id.*

13   When Plaintiff filed his prior action, he was incarcerated at the CHCF. Plaintiff sought

14   injunctive relief to remedy his alleged injuries stemming from various constitutional violations at

15   CHCF and PBSP. As mentioned above, all claims related to his incarceration at CDCF had been

16   dismissed without prejudice to Plaintiff refiling them in a new civil rights action in the Eastern

17   District. The record shows that he has since been transferred to RJDCF. Because Plaintiff is no

18   longer incarcerated at either CHCF or PBSP, his claims for injunctive relief—specifically such

19   claims based on his confinement at PBSP—are DISMISSED as moot. The Court proceeds to

20   review Plaintiff's remaining claims for monetary damages.

21          **2. Claims for Monetary Damages**

22              **a. Eighth Amendment Claim**

23   Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and

24   unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104

25   (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *McGuckin v. Smith*, 974 F.2d

26   1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104

27   F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only

28   when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious,

3

and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

It seems that Plaintiff claims that he was not provided with adequate medical and dental care at PBSP, stating as follows:

> Prior to [PBSP] adverse transfer (July 2016) claimant was given a bonafide initial medical plan that discovered several or several more painful injuries and symptoms that tie in to injuries that were being disregarded at PBSP. . . .

> Being adversely transfer[ed] to [PBSP] a second time didn't make any symptoms better nor manageable and did cause several allergen outbreaks from what the Plaintiff did have allergic reaction in general . . . being more specific Plaintiff instantly "suffered gum/tooth pain," inability to chew, "loud funk," "ab[sc]ess ," "cavity" "infection," tongue inflammation, blisters, bleeding "pustules" and "painful swelling" on gums and tongue, "abdominal pain," nausea, trouble swallowing, "flaring" and "burning" etc. etc.

> . . . [T]he PBSP Defendants allowed the same issues to rebuild as God-awful as the[y] were . . . claimant re-complained ever since, claimant wrote "Employee Misconduct Complaint" directly to the Chief Medical Officers at PBSP and CHCF and 1824 Special Accommodation request forms at least twice also.

Dkt. 1 at 6. Plaintiff has linked his claim to Defendants Adam and "PBSP Doe . . . D.D.S.," and

the Court notes that Plaintiff refers to these Defendants in one portion of the complaint as follows:

> Not only has claimant made out several grievances, he also has usually made it plain and simple of his needs with 7362 request for medical services at [PBSP] and at CHCF prisons to medical nurses, Assistants Adam [from PBSP] and Youssef [from CHCF] or B Yard CHCF Medical Doctor (to no avail) to get before a bonafide dental specialist . . . at PBSP between September and January 2016 and since July 18-22, 2016 Plaintiff has had no real medical awareness, alerts, nor proper treatment . . . (discriminatively) despite a bonafide medical facility that the state department recognizes . . . has made initial medical recommendations and prescriptions that specifically prevent defect . . . .

> The Medical ("Olsen") Record has since been withheld from claimant/proprietor of timeliness . . . those PBSP Defendants DDS and Does and Dental Assistant Phang [from CHCF] have recklessly been indifferent every time Plaintiff brought his dental injury to their attention. . . .

*Id.* at 8. These allegations above, liberally construed, state a claim of deliberate indifference

against Defendants Adam and "PBSP Doe . . . D.D.S." However, regarding "PBSP Doe . . .

D.D.S.," it is evident that Plaintiff does not know this Defendant's name. *Id.* at 3, 8. Again,

4

United States District Court
Northern District of California

1    although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see*

2    *Gillespie*, 629 F.2d at 642, situations may arise where the identity of alleged defendants cannot be

3    known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an

4    opportunity through discovery to identify the unknown defendants, unless it is clear that discovery

5    would not uncover their identities or that the complaint should be dismissed on other grounds. *See*

6    *id.*; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff must provide to the

7    Court the name of Defendant "PBSP Doe . . . D.D.S." by the date scheduled in this Order for any

8    served Defendant to file a dispositive motion. Failure to do so will result in dismissal of

9    Defendant "PBSP Doe . . . D.D.S." without prejudice to Plaintiff filing a new action against him or

10    her.

11      Lastly, Plaintiff names the following Defendant groups: PBSP "Medical Dept. Does and

12    Dental Dept. CDCR Agenc[ies] contracted to provide individual[ized] effective health care" and

13    "7-10 Does" who are PBSP "Medical Record Analysts." Dkt. 1 at 2-3. A defendant cannot be

14    held liable simply based on his membership in a group without showing his individual

15    participation in unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). Either

16    personal involvement or integral participation of each defendant in the alleged constitutional

17    violation is required before liability may be imposed. *See Jones v. Williams*, 297 F.3d 930, 936

18    (9th Cir. 2002). Plaintiff cannot name the aforementioned Defendants without naming and linking

19    specifically each PBSP employee to his claim Eighth Amendment. Accordingly, any claims

20    against the Defendant groups of PBSP "Medical Dept. Does and Dental Dept. CDCR Agenc[ies]

21    contracted to provide individual[ized] effective health care" and "7-10 Does" who are PBSP

22    "Medical Record Analysts" (as opposed to individually named PBSP employees) are

23    DISMISSED.

24            **b. Supervisory Liability Claim**

25      Plaintiff sues the following Defendants in their supervisory capacity: Defendant Kernan;

26    PBSP "Chief Medical Officer Doe"; and PBSP "Medical Supervisor." Again, as mentioned

27    above, the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See*

28    *Gillespie*, 629 F.2d at 642. Moreover, Plaintiff does not allege facts demonstrating the

United States District Court
Northern District of California

1  aforementioned Defendants violated his federal rights, but seems to claim that these Defendants

2  are liable based on the conduct of their subordinates, Defendant Adam and "PBSP Doe . . .

3  D.D.S." There is, however, no respondeat superior liability under section 1983 solely because a

4  defendant is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d

5  1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of

6  his subordinates if the supervisor participated in or directed the violations, or knew of the

7  violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she

8  implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights

9  and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d

10  1435, 1446 (9th Cir. 1991) (en banc). Because there is no vicarious liability under section 1983

11  and Plaintiff does not include allegations showing that the aforementioned Defendants were

12  personally involved in the constitutional deprivation, Plaintiff's claims against these Defendants

13  are therefore DISMISSED without prejudice.

14      **C.    Pending Motions**

15      Plaintiff requests appointment of counsel. Dkt. 1 at 5. The motion is DENIED without

16  prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*,

17  390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997);

18  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328,

19  1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of

20  counsel at a future date should the circumstances of this case warrant such appointment.

21      Plaintiff also filed a motion for preliminary injunction. Dkt. 5. Federal Rule of Civil

22  Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary

23  restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party

24  is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be

25  decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir.

26  1983). A TRO may be granted without written or oral notice to the adverse party or that party's

27  attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified

28  complaint that immediate and irreparable injury, loss or damage will result to the applicant before

1   the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's

2   attorney certifies in writing the efforts, if any, which have been made to give notice and the

3   reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). The

4   motion is DENIED because the parties to this action have not yet been served, and Plaintiff has

5   failed to satisfy either of the criteria under Rule 65(b) for granting a TRO without notice to the

6   adverse parties. *Id.*

7       Finally, Plaintiff has filed a motion entitled, "Motion for Leave to Proceed *In Forma*

8   *Pauperis* Seeking 30-day Enlargement of Time to File IFP Form; Requesting Sanctions in the

9   Form of Constitutional Repair & Restoring & Unhanding All Legal Necessities of[] Defendants."

10  Dkt. 11. The Court notes that Plaintiff's motion for leave to proceed IFP has already been

11  granted. *See* Dkt. 9. Therefore, the Court DENIES as moot any request for an extension of time

12  to file supporting documents to his IFP application. To the extent that Plaintiff seeks relief or

13  "sanctions" for any alleged constitutional violations stemming from his incarceration at CHCF,

14  which is where he was incarcerated when he drafted the aforementioned motion, the Court

15  DENIES his request without prejudice to raising it when he files his new civil action in the United

16  States District Court for the Eastern District of California.

17  **III.    CONCLUSION**

18      For the reasons state above, the Court orders as follows:

19      1.      All claims arising at CHCF are DISMISSED without prejudice to Plaintiff refiling

20  them in a new civil rights action in the United States District Court for the Eastern District of

21  California. The Clerk of the Court shall forward to the Eastern District: (1) a copy of this Order;

22  and (2) a copy of the complaint filed in this action (dkt. 1).

23      2.      Plaintiff's claims for injunctive relief based on his confinement at PBSP are

24  DISMISSED as moot.

25      3.      Plaintiff's allegations state a claim of deliberate indifference against Defendant

26  Adam and "PBSP Doe . . . D.D.S." Plaintiff must provide to the Court the name of Defendant

27  "PBSP Doe . . . D.D.S." by the dispositive motion due date indicated below. Failure to do so will

28  result in dismissal of Defendant "PBSP Doe . . . D.D.S." without prejudice to Plaintiff filing a new

7

1   action against him or her.

2       4.      Any claims against the Defendant groups of PBSP "Medical Dept. Does and Dental

3   Dept. CDCR Agenc[ies] contracted to provide individual[ized] effective health care" and "7-10

4   Does" who are PBSP "Medical Record Analysts" (as opposed to individually named PBSP

5   employees) are DISMISSED.

6       5.      Plaintiff's supervisory liability claims against Defendant Kernan, PBSP "Chief

7   Medical Officer Doe," and PBSP "Medical Supervisor" are DISMISSED without prejudice.

8       6.      The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of

9   Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, (dkt. 1), all

10  attachments thereto, and a copy of this Order upon **Defendant "P.A.C. [Physician Assistant,**

11  **Certified] or other R.N. [Registered Nurse] Doctor Adam"** at Pelican Bay State Prison. The

12  Clerk shall also mail a copy of this Order to Plaintiff. As mentioned above, Plaintiff has also

13  alleged cognizable Eighth Amendment claim again Defendant "PBSP Doe . . . D.D.S.," but that

14  Defendant will be served after Plaintiff provide the Court with a full name. Nonetheless, both

15  Defendants Adam and "PBSP Doe . . . D.D.S." (after he or she is served) shall follow the

16  instructions below.

17      7.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

18  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

19  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

20  behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the

21  cost of such service unless good cause be shown for their failure to sign and return the waiver

22  form. If service is waived, this action will proceed as if Defendants had been served on the date

23  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

24  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

25  was sent. (This allows a longer time to respond than would be required if formal service of

26  summons is necessary.) Defendants are asked to read the statement set forth at the foot of the

27  waiver form that more completely describes the duties of the parties with regard to waiver of

28  service of the summons. If service is waived after the date provided in the Notice but before

United States District Court
Northern District of California

Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

8.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

9

United States District Court
Northern District of California

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce *evidence* in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c.   Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

d.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

10.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

11.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

12.   Upon a showing of good cause, requests for a reasonable extension of time will be

10

granted provided they are filed on or before the deadline they seek to extend.

13. Plaintiff's request for appointment of counsel is DENIED. Dkt. 1 at 5.

14. Plaintiff's motion for a preliminary injunction is DENIED without prejudice. Dkt. 5.

15. Plaintiff's "Motion for Leave to Proceed *In Forma Pauperis* Seeking 30-day Enlargement of Time to File IFP Form; Requesting Sanctions in the Form of Constitutional Repair & Restoring & Unhanding All Legal Necessities of[] Defendants" is DENIED. Dkt. 11.

16. This Order terminates Docket Nos. 5 and 11.

IT IS SO ORDERED.

Dated: February 23, 2018

YVONNE GONZALEZ ROGERS
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E.J. MCELROY,

          Plaintiff,

      v.

ADAM, et al.,

          Defendants.

Case No.17-cv-03348-YGR

**CERTIFICATE OF SERVICE**

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

     That on 2/23/2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

     E.J. McElroy ID: P71922
     480 Alta Road
     San Diego, CA 92179

     Copy of the Order dated 2/23/18, and copy of Complaint
     mailed to:

     US District Court, Eastern District of CA
     Robert T. Matsui Federal Courthouse
     5011 I Street, Room 4-200
     Sacramento CA 95814

Dated: 2/23/2018

Susan Y. Soong
Clerk, United States District Court

By:_____
Frances Stone, Deputy Clerk to the
Honorable YVONNE GONZALEZ ROGERS